Good morning, Your Honors. My name is Kevin Little, and I'm here representing Mr. Ruff, who is the cross-appellant. He's also present. I'd like initially to set aside just a couple of minutes of my allotted time for rebuttal. Got it. This appeal presents a singular issue. The plaintiff, Mr. Ruff, tried on numerous occasions to get the court, the trial court, to instruct the jury that in order for the provision in this case to have been effective, that it had to have been published. The court misinterpreted the pertinent authorities and instead instructed the jury exactly the opposite. It instructed the jury that even though it eliminated any mention of the publication requirement in the instruction, and by doing that informed the jury that it didn't need to be published to be effective. Which authorities did he misinterpret? Are you talking about Midway, Orchards? He misinterpreted a number of authorities. Midway, Orchards would be one of the more significant ones, Your Honor. Midway, Orchards dealt with ordinances versus resolutions in the land use context, and at bottom held that there was no distinction. And even if there were no explicit statutes applicable to ordinances, if they constituted legislative acts, which undoubtedly either general plans, enactments, or amendments thereto are, that the procedures to guarantee the referendum and initiative rights had to be abided by. Is it your view that this is a settled question in your favor already in California jurisprudence? It very much is. And the case that I would point to to show that it is most settled would be the Sausalito v. City of Marin case. If we were to read those two main cases, the California Supreme Court has not weighed in on this specific question, whether what is a resolution, what is an ordinance. Is there such a thing as a resolution that makes a change in substantive law and therefore must be treated like an ordinance? If we find ambiguity in the existing cases, what should we do? Should we certify a question to the California Supreme Court? Should we take our best guess? My understanding of what the Court would be obliged to do in that instance is if, upon reviewing all of the pertinent case law, the Court could not fairly predict how the California Supreme Court would rule on the question, then and only then would certification be appropriate. However, even as far back as 1915 in Hopper v. Richmond, the California Supreme Court acknowledged that nomenclature is not important. If it's a legislative act, whether it be deemed a resolution or an ordinance, the rights to referendum and initiative have to be abided by. And following that, even in the Sausalito case, which was not, it was a first district case, it wasn't a Supreme Court case, but they specifically cited the very statute that, and that, I believe, was from the 1976, I believe, that they cited Government Code Section 25124 as being among the procedures that would have to be followed if a resolution constituted a legislative act. So in our view, acknowledging the certification standards, there's really no need for certification in this particular case. Let me ask you about that. I'm not following that position, because in Midway Orchard, not too far into the case, at page 775, the Court lists a number of requirements for ordinances that it says do not apply to board resolutions, and one of them is publication, specifically citing 25124. And, Your Honor, that is when a resolution truly is a resolution. At the outset of the opinion, Midway Orchard delineates what is a resolution versus what is an ordinance. But then in conclusion, about 20 pages down, they concluded in the context of amending a general plan, which is exactly the situation we have here, whether it's a legislative or whether it's deemed to be a resolution or an ordinance, it cannot be enacted and become effective without the rights to referendum and initiative being recognized. Well, does the requirement that the right of referendum and initiative be recognized necessarily mandate a conclusion that publication of a resolution is required? Your Honor, that conclusion is inexorable in our view. There is no way, if you enact something and you never make the public aware of it, there simply is no way that anyone could ever mount a referendum or initiative challenge. Well, does that follow, that the public was never made aware of what happened here? There is no indication that, with the exception of, I believe there was some evidence in the record that copies of the amended plan were made available in the city planning office. I believe that was the evidence at trial. But, again, going back to Midway and the other cases, you have to use the very same procedures, whether it's an ordinance or a resolution, to fulfill the right to referendum and initiative. And that is truly, at bottom, the holding of Midway. In Midway, there was, I forget what the particular code section was, but there was no parallel provision that specifically stated resolutions. And the court said, well, what are we to do in this situation? And they concluded what we're to do is to apply the very same procedures that would be applicable if this had been deemed an ordinance. They also make a harmless error argument. And if I understand it correctly, it is that you produced all the damage evidence without any limitation by the judge that you wanted to. The judge gave an unlimited damage instruction that you didn't have any trouble with. The jury came back with a verdict of about, was it $200,000? It was $200,000, yes. So even if there was some problem, you were made whole, no matter what. What's your answer to that? Your Honor, the jury only ruled on, I mean, ruled in Mr. Ruff's favor on the procedural due process claim. And as the jury instructions also made clear, that claim was based on the notice that we contended Mr. Ruff was not provided before this resolution became law, during the time in connection with his purchase of the property. The judge, and I think I've quoted at length in my brief from his assessment of what the verdict meant when we were challenged, attempting to get declaratory relief when Mr. Ruff still owned this property, which he unfortunately still doesn't own anymore. And the court came down the same way. It said the jury's verdict means that the plan was valid. Well, whatever. What more would you be entitled to? I mean, that's their point. You've gotten every dollar you could possibly get, is what they're saying. Oh, just to cut to the chase. The judge believed, based on his pronouncement, we didn't get future damages. And the reason why we didn't get future damages is because the jury's verdict was cut off. It was cut off in terms of time at the moment the plan occurred. That's exactly correct. Right. So that presumably if there would have been future additional damages if the plan never became valid. That's your theory. That's exactly the case because Did you introduce evidence of that, the dollar amount of that? We did. Mr. Ruff himself testified as to what his business plan prospectively would have been, and he testified as to what he anticipated his net profits would have been and how long he would have been able to operate the business. What were the future damages calculated to be? He testified that he believed on average that he could net half a million dollars a year. There was an expert who had worked with the King's Waste Management Authority, which is owned jointly by the county and a few of its cities, and he testified that essentially that the recycling business was very down and that he might not have made anything, at least within the short term. So that was kind of the two sides of that evidence. There's no way to tell from the verdict with certainty that would be required to affirm as Mr. Ruff having received full relief that he received future damages. Indeed, the district court who presided over the evidence didn't think he did. I think the nature of the district court's error can be crystallized in this respect. The court agreed that 25.123, government code section, applied, and that was one of the several statutes over which we had sought judicial notice, and that was the one that provides that there's a 30-day delay until an ordinance becomes effective. Well, of course, if you read the situation literally, this wasn't an ordinance. It was a resolution. So the judge recognized in that respect that a resolution was a legislative act subject to these referendum and initiative powers. Indeed, he so explicitly stated on the record. However, when it came to closing the circle, so to speak, and also finding that publication was required under the very next section in the government code, the court found, no, that section's only applicable to ordinances, not resolutions. Well, if we're going to interpret that way, then the 30-day period should not have even been held to apply. So this is a case where we presented a lot of evidence of a lot of capricious activity on behalf of the county. The final piece in that puzzle was to show that not only was Mr. Ruff's application delayed, not only was he given the runaround for nine months by the authorities, not only was he denied notice that that was coming down the pipe, but also his property, his application was denied based on a statute that they didn't even, was never even actually effective. The final piece in that puzzle, which we thought was the most compelling piece, unfortunately was removed from our arsenal. And as a result, the jury ruled against Mr. Ruff as to the claims to which that was claimed. And that was the due process and equal protection claims. And those are the claims that we're asking that we obtain a reversal based on. Thank you. Thank you, Mr. Little. Good morning. May it please the Court. My name is Leslie Dillahunty, and I am here on behalf of the County of Kings, William Zumwalt, Sandy Roper, and Mark Sherman. The issue here is primarily that I see it as the issue of notice. The Government Code section at Article VI, which is also known as the Planning Guide, provides sufficient notice to be given to the general public when a county board of supervisors wants to amend its general plan or adopt its general plan. The district court found that the Government Code section in Article VI was sufficient to provide notice, had sufficient provisions for providing notice to the general public with regard to the issues and the factors that the Kings County Board of Supervisors wanted to amend its general plan. The notice provisions were provided under Government Code sections 65351, 65353, 65355, and 65357. Those notice provisions include the publication of a notice of a hearing for the Planning Commission, and it includes the publication of the notice for the hearing for the Board of Supervisors itself when it's going to be considering the recommendations of the Planning Commission with regard to the recommended amendment to the general plan. The evidence in this case and the district court found that those notices were properly published in the newspaper, and the inference was that Mr. Ruff would have had at a minimum constructive notice of those hearings. That notice provides sufficient notice under the Elections Code to allow for the rights of referendum and initiative to allow a citizen to avail himself to those opportunities. In the case of Midway, which has been discussed already, the court did not apply Government Code section 23, I believe it's 23124. But the theme of both City of Sausalito and Midway Orchards seems to be, in my view, that a quote-unquote resolution that amends a general plan is not the usual sort of resolution, and it has a legislative aspect to it. And the court in each of those cases to some extent seemed to give ordinance-like interpretations to those resolutions because they were legislative acts. And that, to me, creates some ambiguity about when California law considers something entitled or labeled a resolution as actually carrying with it the requirements of a regular ordinance. I wonder if you could comment on that. Sure. In order for the county to be able to amend its general plan, it's required, it's obligated by the Government Code, Article VI of the Government Code, that the adoption of a general plan or the amendment of a general plan is to be done by resolution. It's not, does not have the option to do it by ordinance. It is required to do it by resolution. That begs the question, though, what other procedures must be followed, if any, that otherwise apply to other legislative acts? Well, in the case of Midway, and also I believe in the case of Sausalito, the city of Sausalito, the court applied the Elections Code, not the provisions of the Government Code, that being the express provisions dealing with ordinances in the Government Code. It did not apply those, those provisions. It instead looked to the Elections Code, which also provides the 30-day delay period for effectiveness so that an individual can avail itself to the procedures of initiative or referendum. It's interesting that one of the cases that Mr. Ruff's counsel refers to, when he talks about this parallel-type provisions, and that the Elections Code and that Government Code section 25, here, 25124, that they are parallel provisions, he cites to the cases of, I believe it was, voters who are responsible  retirement, and William Coos v. Superior Court of Kern County, for the proposition that the Elections Code and 25124 are parallel provisions. But in analyzing those two cases, in voters for responsible retirement, it's interesting that the court simply said that what's parallel in those two provisions is the 30-day requirement. It doesn't even discuss the publication requirement that's set forth in 25124. Also interesting in the case of the other cases. Sotomayor, I'm sorry. I had a question for you. And I really am not an expert on California law, to put it mildly. But I've been you seem to be distinguishing between the Government Code and the Elections Code, but I thought that the statute requiring that a general plan be amended by resolution was actually part of the Government Code also. Is that true or not true? Yes. It is part of the Government Code. Okay. So it's all part of the Government Code, just different pieces of it. Correct. Okay. What's interesting in the Coos case, which is a Fifth District court, a California Court of Appeals case, that case did discuss the Elections Code and Government Code section 25123 and 25124. And it did note that the Elections Code and Government Code section 25123 were in that they both provided for the 30-day delay period for effectiveness in order to allow for the possibility of referendum and initiative. However, in the Coos case, Justice Ardice expressly noted or expressly stated that Government Code section 25124, which is the code section that requires publication of an ordinance before it can become effective, that that code section does not apply to the application of a resolution. So the only code section that would apply, that the courts have applied to a resolution and when it becomes effective is the Elections Code, not the more restrictive code section in the Government Code that applies to ordinances. They have routinely, time and again, parceled that out. Go ahead, Judge Gruber. I just have one more sort of statutory construction question, and that is the following. 25124, which is the publication of ordinances requirement, provides for ordinances that reclassify land and are accompanied by maps. I mean, that's a shorthand. That's one of the things that can happen. How is that related to the general plan section that requires that general plans be done by resolution? How do those two things live together? You would have to look at what the nature of a general plan is as opposed to an ordinance. A general plan is a statement of future planned use. It's a guideline to be utilized for general purposes of what we want to do with our land, how the land is to be utilized in various different types of categories that are set forth in the Government Code. With regard to Government Code section 25124, while I don't believe it expressly states it, because it is dealing with ordinances, I can only, I don't want to say assume, I can only assume that it's dealing with zoning ordinances, which when we're dealing with zoning issues and how land is going to be used in zoning issues, that, of course, is done by ordinance, and you have to follow the more restrictive requirements that include not only the delay of the 30 days, but also require that the zoning ordinance or the actual zoning ordinance or a summary of the ordinance be published during that 15-day period. Mr. Dilhunty, I wanted to ask you about the harmless error argument that you make. Mr. Little offered a pretty good answer to your position. What's wrong with what he said? With regard to the harmless error, the jury instructions that were provided to the jury with regard to the equal protection claim were that Mr. Ruff would have to be able to prove that he was intentionally treated differently than others similarly situated, and also that there was no rational basis for the treatment. With regard to the issue that we've got here, what we're dealing with is if there was a publication requirement, if the county did no more than fail to abide by its requirement of publication in order for the resolution to take effect, that did not, that would not support an argument that he was treated separately from others. The failure or any failure of the county to comply with any sort of publication requirement would have applied to anybody who attempted to provide an application for a site plan review. At trial, there was no evidence, and the jury did not find any evidence, which is why they found for the defense on this issue. The jury found that there was no evidence that Mr. Ruff was treated any differently with regard to his site plan review application than anybody else. If the ordinance were invalid, would that have entitled him to more damage for, say, future losses, as he argues? No, it would not. The jury found that the jury was presented with all the evidence with regard to future damages that Mr. Ruff claimed that he would be entitled to if he had been able to go forward with his recycling business. And the jury, after hearing all of the evidence, the jury made the determination that, and as the district court acknowledged, the jury made the determination that it was doubtful or it appears they made the determination that it was doubtful that Mr. Ruff would actually ever go forward and develop his recycling plan. And on that basis, they did not provide him with future damages. If you have no further questions, I'll submit. Thank you. Thank you. Mr. Little. Your Honors, if I understand the appellee's, cross-appellee's argument correctly, they don't dispute that a resolution amending a general plan is subject to the referendum and initiative powers. Indeed, there are cases that explicitly hold that. I believe the Yoast case. They instead argue that Government Code 653-57B is the notice that is sufficient when it's a resolution as opposed to an ordinance. The problem with that is, is that that provision applies to any amendment to a general plan. That, the making it available for copies in the planning office, the legislature clearly, under no circumstance, thought that that would be initiative referendum notice. The only, and again, going back to the Midway and the other cases, and even City of Sausalito, which is 1970, not 1976, if a resolution amends a general plan, it's a legislative act, it's subject to initiative and referendum, it's subject to the same procedures that any legislative act would. The argument of opposing counsel seems to be in part that if it counts as zoning, it's an ordinance under the statute. If it counts as an amendment to a general plan, it's only a resolution. Is there a standard definition under California law as to what in substance constitutes zoning as distinct from amendment to a general plan? Zoning, the short answer to your question is I'd have to check into that. My understanding from California law generally, I can't cite the court to a particular authority, is that it's kind of like the analogous that the general plan is the Constitution, whereas the zoning are the statutes that are later acted based thereupon.  Or a board of supervisors says this is an amendment to the plan, that's the end of the discussion? Is it just, I guess what I'm struggling with is whether courts in California have ever recharacterized something that's called zoning or called amendment to general plan as being the other thing. Oh, again, that's, I'd have to look into that question and I could submit a 28J if the court would permit me. I don't, I believe that the key case here is city of Sausalito where we were dealing with an amendment to a general plan which was accomplished by resolution. The court in some listed the various procedures that should have been followed when they, because they invalidated the resolution because the referendum initiative procedures were not abided by. And they specifically mentioned 25124. I think that that's really the sum total of it. And it just can't be that the led, that a county can decide just by nomenclature what procedures it wants to follow. Thank you very much. Thank you too, Counsel. The case just argued is submitted. We'll stand at recess for today.
judges: Silverman, Graber, Cjj Lynn (N. Texas), Dj